## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>

CARINE TATNDJA,

      *Plaintiff*,

  v.

MERRICK GARLAND, *et al.*,

      *Defendants*.

</td><td>

Civil Action No. 24-0263 (LLA)

</td></tr>
</table>

### <u>MEMORANDUM OPINION</u>

Plaintiff Carine Tatndja brought this mandamus action against five government officials (collectively, "Defendants"), seeking to compel a decision on her immigration application. Defendants have moved to transfer this action to the District of Maryland and to extend the time to respond to the complaint until twenty-one days after the action is docketed there.  ECF No. 8 at 1.  Ms. Tatndja consents to the motion.  *Id.*  For the reasons explained below, the court will grant Defendants' motion.

### I.      Background

Ms. Tatndja seeks to compel Defendants to adjudicate her Form I-589, Application for Asylum and Withholding of Removal ("Application").  ECF No. 1 ¶¶ 1, 3.  She argues that the government has failed to act within a reasonable period of time as required by 5 U.S.C. § 555(b) or within Congress's 180-day guideline for processing immigration benefits under 8 U.S.C. § 1571.  *Id.* ¶¶ 1, 27, 30.  Ms. Tatndja also alleges that Defendants have violated the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, by "unlawfully withholding and unreasonably delaying the adjudication of [her] Form I-589."  *Id.* ¶ 35.

Ms. Tatndja lives in Silver Spring, Maryland. *Id.* ¶ 4. Her Application is currently pending at the U.S. Citizenship and Immigration Services ("USCIS") Asylum Office located in Arlington, Virginia. *Id.* ¶¶ 2, 4.

## II. Discussion

### A. Motion to Transfer Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Section 1404(a) "does not condition transfer on the initial forum's being 'wrong,'" but instead "permits transfer to any district where venue is also proper . . . or to any other district to which the parties have agreed." *Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013).[1]

There are two steps in the Section 1404(a) analysis. First, the court must determine either that the action could have been brought in the transferee district or that the parties consent to litigating there. 28 U.S.C. § 1404(a). That step is satisfied here because both parties consent to a transfer to the District of Maryland. ECF No. 8 at 1.

Second, the court must decide whether "considerations of convenience and the interest of justice weigh in favor of transfer to that district." *Blackhawk Consulting, LLC v. Fed. Nat'l Mortg. Ass'n*, 975 F. Supp. 2d 57, 59 (D.D.C. 2013). This requires an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29

---

[1] Venue is proper in the District of Columbia because several Defendants reside here. *See* 28 U.S.C. § 1391(e)(1). There is some disagreement within this district about whether the court must satisfy itself that venue is proper here before conducting the analysis under Section 1404(a). *Compare Melnattur v. U.S. Citizenship & Immigr. Servs.*, No. 20-CV-3013, 2021 WL 3722732, at *3 n.4 (D.D.C. Aug. 23, 2021), *with Bradley v. Cardona*, No. 22-CV-3316, 2023 WL 8469669, at *2 & n.2 (D.D.C. Dec. 7, 2023) *and Claros v. Cowan*, No. 21-CV-609, 2021 WL 1820209, at *1 (D.D.C. May 6, 2021). Because venue is proper here, this court need not wade into that dispute.

(1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  In making this determination, the court "weigh[s] several private- and public-interest factors."  *Blackhawk Consulting, LLC*, 975 F. Supp. 2d at 59-60.  The private-interest factors include: "(1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) the location where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) ease of access to sources of proof."  *Id.* at 60.  The public-interest factors include: "(1) the transferee's familiarity with the governing law; (2) the relative congestion of the courts of the transferor and potential transferee; and (3) the local interest in deciding local controversies at home."  *Id.* (quoting *Onyeneho v. Allstate Ins. Co.*, 466 F. Supp. 2d 1, 3 (D.D.C. 2006)).

Most of the private-interest factors weigh in favor of transferring this case to the District of Maryland; one factor is neutral.  While Ms. Tatndja initially brought her case in this district, she consents to the case being transferred to the District of Maryland.  *See Weiner v. Novartis Pharms. Corp.*, 991 F. Supp. 2d 217, 221 (D.D.C. 2013) (finding that the plaintiff's interest in changing forum favored a transfer).  Defendants prefer the District of Maryland, which is Ms. Tatndja's home district, and "[t]ransfer is favored when defendants' preferred forum is also the plaintiff's home forum."  *Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 332 (D.D.C. 2020).  The third factor—where the claim arose—is neutral.  The parties stipulate that Ms. Tchouaket's claims "arose where the Field Office is located," which is Arlington, Virginia.  ECF No. 8 at 4.  Her claims therefore arose in neither this district nor the District of Maryland.  As for the convenience of the parties, Ms. Tatndja "cannot reasonably claim to be inconvenienced by litigating in [her] home forum," *Wolfram Alpha LLC*, 490 F. Supp. 3d at 333 (quoting *Aishat v. U.S. Dep't of Homeland Sec.*, 288 F. Supp. 3d 261, 269 (D.D.C. 2018)), and Defendants prefer to litigate there.

Finally, Ms. Tatndja will likely be the key witness and rely on personal records to develop her claim, making her home district a better venue.

The relevant public-interest factor likewise weighs in favor of transfer.  As the parties explain, "Plaintiff's injuries . . . are felt by Plaintiff in the [District of Maryland] making the local connection to that district strong."  ECF No. 8 at 4.  "Because any potential impacts are to be felt locally, the controversy is truly local to" that district.  *Pres. Soc'y of Charleston v. U.S. Army Corps of Eng'rs*, 893 F. Supp. 2d 49, 58 (D.D.C. 2012); *see S. Utah Wilderness All. v. Norton*, 315 F. Supp. 2d 82, 88-89 (D.D.C. 2004) (noting that a forum had a clear interest in resolving disputes where the alleged consequences of an action would be most particularly felt there).  The remaining two public-interest factors are not germane: "there is no reason to suspect that any federal district court is unfamiliar with federal immigration law," ECF No. 8 at 4 (citing *W. Watersheds Project v. Pool*, 942 F. Supp. 2d 93, 101 (D.D.C. 2013)), and "[t]here can be no dispute that each District . . . faces congested dockets," *id.*

After balancing the relevant factors as set forth above, the court finds that transfer to the District of Maryland aides the convenience of the parties and witnesses and is in the interest of justice.  *See* 28 U.S.C. § 1404(a).  The court will therefore transfer this action to the District of Maryland.

### B.    Motion to Extend Time to Respond

In general, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time."  Fed. R. Civ. P. 6(b)(1).  Upon transfer, this matter will be handled by another Assistant United States Attorney in the District of Maryland, who will require time to familiarize himself with the case, and Ms. Tatndja does not oppose the requested extension.  ECF No. 8 at 5.  The court will thus extend the time for Defendants to respond to the complaint to twenty-one days after the action is docketed in the District of Maryland.

### III.    Conclusion

For the foregoing reasons, the court will grant Defendants' Consent Motion to Transfer and Extend, ECF No. 8.  A contemporaneous Order will issue.

**SO ORDERED**.

/s/ Loren L. AliKhan
LOREN L. ALIKHAN
United States District Judge

Date: April 19, 2024